# Hannah L. Martin et al., Appellees, v. Modern Woodmen of America, Appellant.

1. DESCENT—*section 11 of Act construed*.  This does not apply to and control the construction of benefit certificates payable to the widow and children of the deceased member of a fraternal benefit society.

2. FRATERNAL BENEFIT SOCIETIES—*particular form of certificate as to beneficiaries construed.* A certificate payable to the widow and "children" does not include grand-children.

Assumpsit. Appeal from the Circuit Court of Logan county; the HON. T. M. HARRIS, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed October 14, 1911.

TRUMAN PLANTZ, NORTHCOTT & ORR and E. S. SMITH, for appellant.

KING & MILLER, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellees to recover upon a certificate of membership issued by the Modern Woodmen of America upon the life of F. N. Martin. He died while a member in good standing and the liability of the defendant upon the certificate is not denied. The certificate of membership designated the beneficiaries as Hannah L. the wife, and children, and at the time of the issuing of the certificate, his wife was Hannah L. Martin and his children were C. C. Martin, Earl Martin, F. M. Martin and one daughter, whose name is not disclosed and who died prior to the death of the insured. The daughter who died prior to the death of her father left surviving her two children who are not parties to this action. After proofs of loss were properly furnished and accepted, payment was demanded by the plaintiffs in this action upon the theory that the two children of the deceased daughter had no interest in the beneficiary fund; defendant insists that the children of the deceased daughter of the insured were entitled to share in the proceeds and declined payment to the plaintiffs. The children of the deceased daughter are non-residents of the State of Illinois. Plaintiffs bring this action to recover from the defendant, and the only defense is that all of the beneficiaries

are not made parties to the action. The trial below resulted in a judgment against defendant in favor of plaintiffs for the full amount of the policy.

The sole and only question raised upon the record is whether or not, under the terms of the policy which provided that the beneficiary fund should be paid to the wife and children, the use of the word "children," included the two grandchildren. It is conceded by the defendant that it has been unable to find any authority in this state to support the contention by it that the children of the deceased daughter are entitled to share in the proceeds of the beneficiary fund. They also inform the court that this action is defended solely for the purpose of protecting their rights upon this certificate. In support of the position taken by defendant, it relies upon section 11 of the Statutes relating to descent of property, which is as follows:

"Whenever a devisee or legatee in any last will or testament, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee or legatee, shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of such testator, the estate disposed of by such devise or legacy shall be considered and treated in all respects as intestate estate."

While the certificate of the insured containing the name of a beneficiary other than the insured is in the nature of a devise to the extent that the benefits are not to be received or enjoyed until after the death of the insured, we are aware of no decision which holds that under such circumstances the fund is treated the same as though it passed by will; and while it may be conceded that at the time of the issuing of this certificate it was the intention of the insured that all of his children then alive should share in the proceeds of the

beneficiary fund, the use of the language employed is not sufficient to include the children of any child who might die before the insured. In the ordinary use of the word "child," the grandchildren are not included and the section of the statutes relied upon by defendant has no application except to property devised or bequeathed by will.

The by-laws of the defendant in evidence in this case and the certificate itself provide that the certificate shall be subject to the constitution, by-laws, and rules of the defendant order. Section 46 of the by-laws is as follows:

"If the death of the beneficiary of any° member heretofore or hereafter adopted shall occur prior to the death of such member, or in the event of the disqualification of the beneficiary under the provisions of section 45 hereof, if such member has failed to have another beneficiary named, as provided, in section 47 hereof, then the amount to be paid under the benefit certificate shall be payable to the surviving beneficiaries, if any there be, or if no beneficiaries survive him, then to the widow; if no widow, to his children, including his legally adopted children, and in case there are deceased children or child, the children or child of such shall take the share of such deceased parent; if no children or child of the deceased children or child, to the mother," etc.

Propositions of law were submitted to the court by defendant which the court refused to hold, and we find no error in the holding of the court on such propositions. The court held that by-law 46, *supra,* was applicable to the conditions arising under this policy and that the plaintiffs herein are the sole beneficiaries under this policy. The by-laws of the defendant order provided that the insured might at any time change the names of the beneficiaries and designate any other beneficiaries he might wish to receive the proceeds of the policy.

The naming of the children as beneficiaries gave them

no vested right in the certificate and unless a vested right existed in the daughter who died, at the time of her death, then her children had no rights in the distribution of the fund under this certificate and while the names of the beneficiaries were subject to change by the insured at any time, it could not seriously be contended that the fact that the deceased daughter was alive at the date of the issuing of the certificate and that she was then included in the designation made in the certificate under the head of ''children'' created any vested interest in her; she had no right or interest in the proceeds of this policy except that she survived the insured.

We find no error in this record and the judgment is affirmed.

*Affirmed.*